UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AMY GILLIAM                                             CIVIL ACTION NO. 11-cv-0789

VERSUS                                                  JUDGE HICKS

WAL-MART LOUISIANA, LLC, ET AL                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff filed suit in state court and named as defendants Wal-Mart, Inc. and Procter & Gamble, Inc. A Notice of Removal was filed based on an assertion of diversity jurisdiction. The entities that joined in the removal assert that they are the proper defendants. They are Wal-Mart Louisiana, LLC and The Procter & Gamble Distributing, LLC.

The court must ensure that there is a basis to exercise diversity jurisdiction. Defendants have not set forth their own citizenship with adequate detail to make that determination. Accordingly, they are directed to file an Amended Notice of Removal by **July 18, 2011** that addresses the issues discussed below.

Wal-Mart Louisiana, LLC describes itself as a limited liability company organized under Delaware law with its principal place of business in Arkansas. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members

or partners there may be. <u>Feaster v. Grey Wolf Drilling Co.</u>, 2007 WL 3146363 (W.D. La. 2007).

Wal-Mart frequently removes cases based on diversity jurisdiction, and it has alleged its citizenship in accordance with these rules in other cases. An example is 10-cv-0018, where the allegations are set forth in paragraph six of the Notice of Removal. Assuming that information is still correct, Wal-Mart is ultimately a citizen of Arkansas. The removing defendants, as the parties with the burden of presenting facts to establish diversity, must amend their Notice of Removal so that those underlying facts are included in this record to avoid the fate of Allstate in <u>Howery v. Allstate</u>, 243 F.3d 912 (5th Cir. 2001).

Procter & Gamble's name indicates that it is a limited liability company, but it describes itself in paragraph three of the Notice of Removal as a "corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio." If Procter & Gamble is truly a corporation despite the "LLC" in its title, counsel must explain that in the Amended Notice of Removal. If Procter & Gamble is, as its name indicates, a limited liability company, counsel must set forth its citizenship in detail in accordance with the rules discussed above. The court will set the matter for a scheduling conference if the defendants meet their burden of establishing a basis for diversity jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of June, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE